UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK LOWE,

        Plaintiff,

v.	Case No. 10-11189
   Honorable Julian Abele Cook, Jr.

R.N. FLOSSIE ANDERSON, *et al.*

        Defendants.

ORDER

This is a civil rights action brought by Roderick Lowe, on behalf of the decedent, Robin Hackney, who was an inmate at the Mound Correctional Facility in Detroit, Michigan when he died on December 15, 2005. In his capacity as Hackney's next friend, Lowe commenced this lawsuit in which he sued approximately fifty individuals and entities on such claims as (1) state law allegations relating to gross negligence, and/or wanton and willful misconduct, and (2) violations of the Fourth, Fifth, Eighth, and Fourteenth Amendment under 42 U.S.C. § 1983.

I.

On March 18, 2011, the Court entered an order which reflected a stipulation wherein the parties agreed to dismiss the state law claims of gross negligence and/or willful misconduct against Defendants Correctional Medical Services and Kosaraju. (ECF 79). Approximately one year later (March 13, 2012), the Court granted the motions for summary judgment that had been filed on behalf of Kosaraju and Correctional Medical Services with respect to Fourth, Fifth, and Fourteenth Amendment issues. However, the Court rejected these Defendants' applications for the entries of summary judgements relating to Lowe's Eighth Amendment claims. (ECF 126).

Kosaraju and Correctional Medical Services now seek reconsideration with respect to the Eighth Amendment claims.

## II.

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Moreover, a party who seeks to obtain a rehearing or reconsideration of an order "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Such motions will not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## III.

As an initial matter, the Court notes - with significance - that the present motions are untimely. Motions for reconsideration must be filed not later than 14 days from the date of entry of the challenged order or judgment. E.D.Mich. LR 7.1(h)(1). However, a glance at the official record in this cause reveals the order, which is the subject of the Defendants' objection, was entered on March 13, 2012. (ECF 126). The motions for rehearing by Kosaraju and Correctional Medical Services were filed on March 30, 2012 - three days too late. While Kosaraju and Correctional Medical Services assert that they are entitled an additional three days pursuant to Fed. R. Civ. P. 6(d) and 5(b)(2)(e), this extension applies only to those instances where parties must act within a specified time after service. As explicitly stated in the Local Rule, the 14 day period runs from date of entry of the challenged order - not from the date of service. This failing - even when standing alone - would constitute sufficient grounds upon which to deny the

movants' pending motion. *See Majchrzak v. Cnty. of Wayne*, No. 10-13971, 2011 WL 6739223, at *9 (E.D. Mich. Dec. 22, 2011) (motion for reconsideration may be denied on basis of untimeliness alone). However, for the reasons that follow, the motion, which is now before the Court, would have been denied even if it had been timely filed.

Here, Kosaraju asserts that reconsideration of the March 13, 2012 order is warranted because, in her view, there are no genuine issues of a material fact to be resolved. However, the Court notes that she has merely presented those same arguments which were advanced in her motion for summary judgment. In its examination of the then-pending dispositive motion, the Court concluded that there were questions of a material fact as to (1) the scope of the treatment that Hackney received under Kosaraju's care, and (2) whether Kosaraju had acted with deliberate indifference while the deceased was under her professional care.

Kosaraju also argues that this Court should reconsider its decision because, in her view, Lowe failed to meet his burden of proof on the issue of proximate causation. She notes that the autopsy report indicated that Hackney died as the result of viral myocarditis. Kosaraju maintains that viral myocarditis is unrelated to hypertension Thus, Kosaraju submits that her treatment of Hackney's hypertension cannot be characterized as the proximate cause of his death. However, the Court noted, in rejecting Kosaraju's dispositive motion, that there were - and continue to be - genuine issues of a material fact as to what treatment Hackney received under her care.

Correctional Medical Services also seeks a reconsideration of the order that denied its motion for summary judgment relating to Lowe's Eighth Amendment claims. Correctional Medical Services submits three arguments in support of its position.

First, Correctional Medical Services contends that the Court was mistaken in its reliance

on *Doe v. Claiborne*, 103 F.3d 495, 508 (6th Cir.1996) (to establish a municipal liability claim under "inaction" theory, plaintiff must demonstrate (1) existence of clear and persistent pattern of illegal activity; (2) notice or constructive notice by defendant; (3) tacit approval of defendant's approval of claimed unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to official policy of inaction; and (4) the defendant's custom was "moving force" or direct causal link in claimed constitutional deprivation.) Although Correctional Medical Services correctly points out that *Doe* involved an alleged failure to prevent sexual abuse within a public school setting, the elements of a municipality liability under a policy of inaction theory are the same in the context of a violation of a prisoner's Eighth Amendment rights. *See Braswell v. Corrections Corp. of America*, 419 F.App'x 622, 628 (6th Cir.2011) (applying failure to act and moving force analyses to prisoner's Eighth Amendment claims).

Correctional Medical Services incorrectly asserts that Lowe is asserting municipal liability in this case solely on the basis of a "failure to train or supervise" theory. However, it should be noted that Lowe is seeking to establish liability under "failure to act" and "failure to train" theories. Compl. ¶¶ 19-23. Therefore, the Court properly looked to *Doe* for guidance.

Next, Correctional Medical Services asserts that the Court found that (1) the individuals, who were involved in Hackney's care from December 2004 to July 2005, were its employees; (2) there was a clear and persistent pattern of illegal activity at the Mound Correctional Facility; (3) Correctional Medical Services had notice of any such illegal activity; and (4) Correctional Medical Services tacitly approved the unconstitutional conduct. This argument misses the mark, in that the Court did not make these findings, as characterized by this Defendant. Rather, the Court found that there was a genuine issue of a material fact regarding Correctional Medical

Services' policies and customs regarding its employees and contractors at the Mound Correctional Facility which was sufficient to preclude the entry of a summary judgment.

Finally, Correctional Medical Services submits that the Court incorrectly found that its policies and customs were the "moving force" behind Hackney's injuries. However, the Court made no such finding. Rather, it concluded that because genuine questions of fact exist regarding Hackney's care, and Correctional Medical Services' responsibility and involvement in that care, any "moving force" analysis would be premature.

IV.

Therefore, the motions to reconsider by these Defendants are denied. (ECF 131 and 132).

IT IS SO ORDERED.


Date: May 15, 2012                            s/Julian Abele Cook, Jr.
                                              JULIAN ABELE COOK, JR.
                                              U.S. District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 15, 2012.

                                              s/ Kay Doaks
                                              Case Manager